# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 2, 2011

No. 10-20279

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

PETER OSAMUDIAMEN EZEKOR, also known as Iyekhoetin Omoragbon, also known as Peter O Ezekor, also known as Iyekhoetin V Omoragbon,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-549
USDC No. 4:05-CR-321-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Peter Osamudiamen Ezekor, federal prisoner # 31021-079, moves this court for a certificate of appealability ("COA") to appeal the district court's summary denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his concurrent 94-month sentences for illegal entry and conspiracy to launder funds.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20279

This is a case of *déjà vu*. On May 24, 2010, Ezekor moved this court for a COA to appeal the district court's summary denial of his § 2255 motion. Because this court could not ascertain the reasons underlying the district court's summary denial, on September 17, 2010, we granted a COA for the sole purpose of a limited remand to the district court for entry of reasons for its denial of Ezekor's § 2255 motion. On May 18, 2011, Ezekor moved this court to enforce its September 17, 2010 order requiring the district court to explain its reasons for the summary dismissal of his § 2255 motion. Yet, on June 1, 2011—almost a year after this court had ordered the district court to supply reasons for the summary dismissal—the district court entered an order stating only: "DENIED and this case is DISMISSED." Ezekor once again moves this court for a COA.

As the district court is surely aware, under our federal system, it is the responsibility of the district court to follow this court's mandates. The district court has failed to comply with our order of September 17, 2010, as the district court has failed to supply reasons for denying Ezekor's § 2255 motion. We repeat what we said on September 17, 2010:

Without an understanding of the reasons underlying the district court's summary dismissal, this court is unable to determine whether Ezekor has raised issues on appeal which meet the standard for issuance of a COA, "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

Accordingly, IT IS ORDERED that a COA be granted for the sole purpose of a limited remand to the district for entry of reasons for its denial of Ezekor's § 2255 motion. Once the district court has supplemented the record on appeal with its reasons, Ezekor may file a brief addressing those reasons. This court will then rule on the merits of Ezekor's motion for a COA.

COA GRANTED FOR SOLE PURPOSE OF LIMITED REMAND